UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA GADDIS,

        Plaintiff,

-v-                                Case No. 12-12515
                                   Hon. George Caram Steeh

SEIU HEALTHCARE MICHIGAN,       Mag. David R. Grand
MARGE FAVILLE and ERIC NOYES,
Jointly & Severally,

        Defendants.
_____/

JOEY S. NISKAR (P55480)                 PATRICK RORAI (P65091)
The Niskar Law Firm, PLLC               McKnight, McGlow, Canzano, *et al.*
Attorney for Plaintiff                        Attorney for Defendants
P.O. Box 252917                              400 Galleria Officentre, Ste. 117
West Bloomfield, MI  48325               Southfield, MI  48034
(248) 702-6262                                (248) 354-9650
E-mail:  joeynlaw@aol.com                E-mail:  prorai@michworklaw.com

Street Address:
28470 13 Mile Rd., Ste. 350
Farmington Hills, MI  48334
_____/

## STIPULATED PROTECTIVE ORDER

        NOW COME the parties, through their respective counsel, and pursuant to Fed. R. Civ. P. 26 hereby stipulate to the entry of this protective order:

1.     Plaintiff and all defendants, by and through their undersigned counsel, stipulate and agree that the following is considered "confidential information":  (i) financial information concerning plaintiff; (ii) information about plaintiff's family members, marriage(s), dating relationships and/or romantic relationships; (iii) plaintiff's medical records and personal health information; (iv) plaintiff's job and payroll history; and (v) such other

documents that the parties may in good faith designate as "confidential." The parties agree that confidential information produced, disclosed, or used in this action shall be treated as confidential and shall be utilized solely in connection with the above-captioned action by:

    (a)    The Court, Court personnel and, if applicable, the jury;

    (b)    The parties and their attorneys of record, and persons employed in said attorneys' offices who are shown a copy of this Order and agree to be bound by same; and

    (c)    Other persons retained in this action to assist in the prosecution or defense of this action, including experts and persons employed and affiliated with such experts, provided that said persons are shown a copy of this Order and agree to be bound by same.

2.    The parties shall not disclose confidential information to any person or entity other than the persons and entities listed in section 1(a)-(c) above. If there is any mention or reference to any communicable disease in any of the confidential information disclosed in this case, and the defendant(s) wish(es) to disclose such information to the court, it/they must do so under seal.

3.    If the non-designating party objects to the designating party's designation of particular material or documents as "confidential," the non-designating party shall so advise the designating party no later than 14 days after the designation, after which any right to object to the designation shall be deemed waived. If a timely objection is made, the parties shall discuss the matter in a good faith effort to resolve the issue prior to involving the Court. If the parties cannot agree on a resolution of the objection, the non-designating party may, subject to paragraph 2 above, file an application with the Court to

      resolve the issue, but must file such application within 14 days of its initial objection.

4. Nothing in this Order constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case, and nothing in this Order shall be construed to prohibit or limit the parties' attorneys from seeking to mark or introduce Confidential Information at any deposition taken in, or at the trial of, this action.

5. If a party seeks to designate information, documents and/or testimony given, raised or discussed in a deposition as confidential information subject to this order, the party may do so during such deposition, or within a reasonable time thereafter.

6. Within thirty (30) days after the conclusion of this action, by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing confidential information and all copies thereof which are in the possession, custody or control of the parties or their attorneys shall be returned to the attorneys for the opposing party or destroyed.

      IT IS SO ORDERED.

                                                s/George Caram Steeh
                                                Hon. George Caram Steeh
Dated: January 8, 2013                            U. S. District Judge

The parties through their undersigned counsel agree to the form and content of this Order, and stipulate to its entry:

| | |
|---|---|
| By: /s/ Joey S. Niskar | By: /s/ Patrick Rorai |
| JOEY S. NISKAR (P55480) | PATRICK RORAI (P65091) |
| The Niskar Law Firm, PLLC | McKnight, McGlow, Canzano, *et al.* |
| Attorney for Plaintiff | Attorney for Defendants |
| P.O. Box 252917 | 400 Galleria Officentre, Ste. 117 |
| West Bloomfield, MI  48325 | Southfield, MI  48034 |
| (248) 702-6262 | (248) 354-9650 |
| E-mail:  joeynlaw@aol.com | E-mail:  prorai@michworklaw.com |